Advance Magazine Publs. Inc. v Corporate Suites 825 LLC (2023 NY Slip Op 00147)

Advance Magazine Publs. Inc. v Corporate Suites 825 LLC

2023 NY Slip Op 00147

Decided on January 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 12, 2023

Before: Kern, J.P., Oing, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 651281/18 Appeal No. 17085 Case No. 2021-00158 

[*1]Advance Magazine Publishers Inc., Plaintiff-Appellant,
v
Corporate Suites 825 LLC, et al., Defendants-Respondents. 

Rosenberg & Estis, P.C., New York (Howard W. Kingsley of counsel), for appellant.
Daley Law, P.C., New York (M. Teresa Daley of counsel), for respondents.

Order, Supreme Court, New York County (Laurence L. Love, J.), entered on or about December 8, 2022, which, to the extent appealed from as limited by the briefs,
denied plaintiff's motion for summary judgment as to liability on its first cause of action for breach of guaranty against defendant Corporate Suites, LLC (guarantor) and fourth cause of action for breach of contract against defendant Corporate Suites 825 LLC (tenant), unanimously reversed, on the law, with costs, and the motion granted.
Plaintiff was entitled to partial summary judgment on its first and fourth causes of action, as the record established breaches of the agreements, leaving only the issue of damages to be determined at trial (see CPLR 3212[e]; Heijung Park v Nam Yong Kim, 205 AD3d 429, 430 [1st Dept 2022]). As to the fourth cause of action, it was undisputed that defendant tenant and plaintiff entered into a so-ordered stipulation to settle a holdover proceeding, that plaintiff performed under the stipulation by permitting tenant to remain in possession of the premises while it complied with the terms of the stipulation during a stay of the warrant of eviction, and that tenant breached the stipulation by failing to pay use and occupancy and to timely cure after being served with a notice to cure. As to the first cause of action, there was no dispute that defendant guarantor executed a guaranty simultaneously with tenant's execution of the stipulation, but made no payments to plaintiff pursuant to the terms of the guaranty.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2023